DEPARTMENT OF REVENUE,
*Plaintiff,*

*v.*

PENN INDEPENDENT CORPORATION,
and its subsidiaries,
*Defendant.*

(TC 4321)

Oral argument was held March 31, 1999, in the courtroom of the Oregon Tax Court, Salem.

James C. Wallace, Assistant Attorney General, Department of Justice, Salem, argued the cause for Plaintiff (the department).

Russell R. Kilkenny, Gleason, Scarborough, McNeese, O'Brien & Barnes, Portland, argued the cause for Defendant (Penn).

Decision for Plaintiff rendered November 17, 1999.

### CARL N. BYERS, Judge.

Plaintiff Department of Revenue (the department) appeals from a magistrate Decision granting the motion of Penn Independent Corporation (Penn) for summary judgment. The magistrate held that the income of a foreign insurance company that is part of a unitary group filing a consolidated federal tax return is not includible in the Oregon unitary income of members of the same unitary group. The parties have stipulated to all of the relevant facts except one, and Penn again seeks summary judgment in its favor.

## FACTS

During the years 1992 and 1993, Penn was a Pennsylvania corporation commercially domiciled in that state. Three of Penn's subsidiaries conducted business in Oregon: (1) DVUA Oregon, Inc., (2) Penn Independent Financial Services, Inc., and (3) Penn-America Insurance Company (Penn-America).

Penn filed a consolidated federal income tax return, including all three subsidiaries. The parties have stipulated:

"For the tax years ending 1992 and 1993, Penn filed state excise tax returns on behalf of DVUA Oregon, Inc.,

and Penn Independent Financial Services, Inc., and excluded Penn-America's income and expenses from the determination of Oregon taxable income."[1]

Apparently, Penn decided to exclude Penn-America because it is a foreign insurance company exempt from the excise tax imposed by ORS chapter 317. In lieu of paying an excise tax, Penn-America filed a gross premiums tax return and paid a gross premiums tax.

Disagreeing with Penn's report of its subsidiaries' income, the department issued notices of deficiency. Penn's administrative appeal was denied and two notices of assessment were issued. Penn appealed from those notices of assessment to the Magistrate Division of the Tax Court. The magistrate ruled in Penn's favor, and the department then appealed to the Regular Division.

## ISSUE

If two or more corporations doing business interstate file a consolidated federal tax return, then must their Oregon unitary income include the income of a foreign insurance (financial) corporation that is part of the unitary group but is not subject to Oregon's excise tax?[2]

## ANALYSIS

State taxation of corporations is an artificial world for artificial beings. Consequently, the court must look to the statutes governing that world and construe them to discern the intent of the legislature. *PGE v. Bureau of Labor and Industries*, 317 Or 606, 859 P2d 1143 (1993). However, before construing the statutes, some background information may be helpful.

---

[1] It is not clear from this statement of fact whether Penn filed a consolidated state tax return. However, because a consolidated return was required by ORS 317.710(5)(a), and the parties argue as if a consolidated tax return were filed, the court will assume such is the case.

All references to the Oregon Revised Statutes are to 1991.

[2] The one fact not stipulated is whether Penn-America is unitary with DVUA Oregon, Inc., and Penn Independent Financial Services, Inc. Penn contends that it is not a necessary fact for the court to rule on the motion for summary judgment. The court agrees with the department that for purposes of the motion, the court must assume that the corporations are unitary.

■ For-profit corporations doing business in Oregon are subject to an excise tax measured by income. ORS 317.018(3). The excise tax contains a number of exemptions, one of which is for foreign insurance companies. ORS 317.080(6). Although Penn-America did business in Oregon as a foreign company, it was exempt from Oregon excise tax.[3]

■ Corporations doing business both within and without Oregon must apportion their income based upon their business activities in Oregon. ORS 314.615. Oregon has adopted the Uniform Division of Income for Tax Purposes Act (UDITPA) thereby adopting formulary apportionment. The statute uses the three-factor formula of property, payroll, and sales. ORS 314.605 to ORS 314.675. Due to the nature of their businesses, financial organizations and public utilities are excluded from formula apportionment. Their income is allocated under ORS 314.280.[4] The parties have stipulated that Penn-America is a financial organization and therefore excluded from formula apportionment.

■ Although a business may be conducted in the form of separate corporations, if there are sufficient ties or relationships between the corporations, then they are considered a single business or unitary group. If a corporation doing business in Oregon is a member of a unitary group, then the unitary character provides the basis for Oregon to tax a portion of the entire unitary group's income. *Coca Cola Co. v. Dept. of Rev.*, 271 Or 517, 533 P2d 788 (1975). In theory, the state does not tax income earned outside the state. The apportionment method attributes a portion of the unitary income to Oregon based on the corporation's business activities carried

---

[3] In lieu of an excise tax, it paid a gross premiums tax. *See* ORS 731.804 through ORS 731.844.

[4] ORS 314.280(1) states:

"* * * If a taxpayer has income from business activity as a financial organization or as a public utility (as defined respectively in ORS 314.610(4) and (6)) which is taxable both within and without this state (as defined in ORS 314.610(8) and 314.615), the determination of net income shall be based upon the business activity within the state, and the department shall have power to permit or require either the segregated method of reporting or the apportionment method of reporting, under rules and regulations adopted by the department, so as fairly and accurately to reflect the net income of the business done within the state."

on in this state. *See*, 1 Jerome R. Hellerstein & Walter Hellerstein, *State Taxation*, ¶ 8.07[1] (3rd ed 1998).

With this background, the court will now address taxpayer's arguments in support of its motion for summary judgment.

Taxpayer contends that financial corporations may not voluntarily, or be compelled to, apportion their income under the uniform apportionment provisions of UDITPA. That argument rests on the separate apportionment provisions of ORS 314.280 and on the holding of the Oregon Supreme Court in *Fisher Broadcasting, Inc. v. Dept. of Rev.*, 321 Or 341, 898 P2d 1333 (1995). In that case, the court concluded that the legislature intended to continue the distinction between reporting by financial institutions and the formulary apportionment of UDITPA.

In addition, taxpayer asserts that under ORS 317.710(5), Penn-America may not be compelled to file a consolidated return. ORS 317.710(5) states:

> "(a)  If two or more corporations subject to taxation under this chapter are members of the same affiliated group making a consolidated federal return and are members of the same unitary group, they shall file a consolidated state return. The department shall prescribe by rule the method by which a consolidated state return shall be filed.
>
> "(b)  If any corporation that is a member of an affiliated group is permitted or required to determine its Oregon taxable income on a separate basis under ORS 314.670, or if any corporation is permitted or required by statute or rule to use different apportionment factors than a corporation with which it is affiliated, the corporation shall not be included in a consolidated state return under paragraph (a) of this subsection."

Taxpayer contends that because financial corporations such as Penn-America use "different apportionment factors" and are excluded from apportionment under UDITPA, they may not be included in a consolidated state tax return.

■        The court agrees that ORS 317.710(5)(b) excludes financial corporations from consolidated tax returns. However, the exclusion applies only to financial corporations *subject to taxation* under ORS chapter 317. Foreign financial corporations are exempt from tax and do not file any return, either single or consolidated. Therefore, as to such corporations, the exclusion is irrelevant.

Although taxpayer's arguments are largely correct, they are misdirected. The department's action, from which taxpayer appeals, does not require Penn-America to file a consolidated tax return. Likewise, the department is not requiring Penn-America to apportion its income using the uniform apportionment factors of UDITPA. The assessment of the department is based on ORS 317.715. That statute establishes the taxable income of corporations, which are part of an affiliated group filing a consolidated *federal* income tax return. ORS 317.715(1) states:

> "* * * If a corporation required to make a return under this chapter is a member of an affiliated group of corporations making a consolidated federal return under sections 1501 to 1505 of the Internal Revenue Code, the corporation's Oregon taxable income shall be determined beginning with federal consolidated taxable income of the affiliated group as provided in this section."

■        That provision, establishing the "beginning" point for determining taxable income, is not limited to corporations filing consolidated state returns. If one corporation filing a single Oregon return is a member of an affiliated group making a consolidated federal return, then the beginning point for that corporation's Oregon income is the federal consolidated taxable income of the affiliated group. The fact that two or more corporations file a consolidated state excise tax return does not change the beginning measure of their taxable income.

■        Aware that financial corporations differ in nature from other corporations, did the legislature intend to exclude them from the measure of income described in ORS 317.715(1)? No provision expressly does so. Examination of the statute does not reveal any language that would indicate such an intent. To the contrary, other language in the statute

suggests the legislature intended to include financial corporations.

ORS 317.715 contains three subsections. Subsection (1), quoted above, establishes the beginning point for measuring taxable income. Subsection (2) provides for modifications that eliminate from the measure any income attributable to members of the group with which the reporting taxable corporation does not have a unitary relationship. Subsection (3) has two parts. Subsection (3)(a) provides for:

"* * * [A]dditions, subtractions, adjustments and modifications prescribed by this chapter * * * to the modified federal consolidated taxable income of the remaining members of the affiliated group, where applicable, *as if all such members were subject to taxation under this chapter.*" (Emphasis added.)

The emphasized language evidences recognition by the legislature that not all members of an affiliated group are necessarily taxable by Oregon. Even though the state does not have jurisdiction to tax such corporations, the adjustments to corporate income are made on an as-if basis in order to assure fairness. It is important to remember that including the income of a nontaxable member of a unitary group does not subject that income to taxation by Oregon. It merely provides the base from which the taxable corporation's share is apportioned.

■ While the above is evidence that the legislature intended to include unitary income, it does not disclose legislative intent with regard to the unitary income of financial corporations. That evidence is found in subsection (3)(b). ORS 317.715(3)(b) provides:

"In the computation of the Oregon apportionment percentage for a corporation that is a member of an affiliated group filing a consolidated federal return, there shall be taken into consideration only the property, payroll, sales *or other factors* of those members of the affiliated group whose items of income, expense, gain or loss remain in modified federal consolidated taxable income after the eliminations required under subsection (2) of this section. Those members of an affiliated group making a consolidated federal return or a consolidated state return shall not be treated as one taxpayer for purposes of determining whether any member of the group is taxable in this state or any other

state with respect to questions of jurisdiction to tax or the composition of the apportionment factors used to attribute income to this state under *ORS 314.280* or 314.605 to 314.670." (Emphasis added.)

By specifying "other factors" in addition to the three UDITPA factors, the legislature implicitly recognizes that some members of a unitary group may be financial corporations. Subsection (3)(b) also specifies that composition of the apportionment factors used to attribute income to the state under "ORS 314.280 or 314.605 to 314.670" shall not be determined as if the group were a single taxpayer. By expressly referring to ORS 314.280, the legislature must have intended to include the unitary income of financial corporations in the measure of taxable income.

In summary, as a foreign insurance company, Penn-America is exempt from Oregon's corporate excise tax. Consequently, it is not required to file an excise tax return, either singly or consolidated. However, if Penn-America is a member of a unitary group filing a consolidated federal tax return, and a member of that unitary group is subject to excise tax in Oregon, then that member must include Penn-America's income as part of the unitary income. Now, therefore,

IT IS ORDERED that Defendant's Motion for Summary Judgment is denied. Costs to neither party.