No. 59 July 16, 2012 537

IN THE OREGON TAX COURT
REGULAR DIVISION

COSTCO WHOLESALE CORP.
and Subsidiaries,
*Plaintiff,*

*v.*

DEPARTMENT OF REVENUE,
*Defendant.*

(TC 4956)

Plaintiff (taxpayer) appealed Defendant (the department)'s notices of deficiency assessment and its decision to include income of taxpayer's insurance company subsidiary in its calculation of taxpayer's Oregon taxable income, arguing that the income of the insurance company would not be in the tax base of its Oregon consolidated return, but would be, if at all, subject only to taxation in a separate return that might be required under ORS 317.710(7). Granting the department's motion and denying taxpayer's motion, the court ruled that according to the parties stipulations for the purpose of the motions, the insurance company was unitary with taxpayer, that no separate return was contemplated, and that the department was only taking into account the income of a unitary affiliate in computing on an apportioned basis, the tax liability of a corporation over which Oregon had jurisdiction to tax.

Oral argument on cross-motions for partial summary judgment was held February 28, 2012, in the courtroom of the Oregon Tax Court, Salem.

Theodore R. Bots, Baker & McKenzie, Chicago, filed the motion and argued the cause for Plaintiff (taxpayer) *pro se*.

Marilyn J. Harbur, Senior Assistant Attorney General, Department of Justice, Salem, filed the cross-motion and argued the cause for Defendant (the department).

Decision for Defendant rendered July 16, 2012.

**HENRY C. BREITHAUPT, Judge.**

### I. INTRODUCTION

This matter is before the court on cross-motions for partial summary judgment. Plaintiff (taxpayer) and Defendant (the department) have established all relevant facts by stipulation. Those facts are as follows:

## II.   FACTS

The tax years at issue are the tax years ended on August 31, 2003; August 31, 2004; August 28, 2005 and September 3, 2006. Taxpayer is a Washington state corporation headquartered in Issaquah, Washington. Taxpayer is engaged in the operation of membership warehouses offering branded and private label products in a range of merchandise categories in no-frills, self-service warehouse facilities throughout the United States, including warehouses in Oregon.

Taxpayer is the parent corporation of a federal affiliated group comprised of Costco, NW Re Ltd. (the insurance company) and other domestic corporations. Taxpayer filed federal consolidated income tax returns on behalf of the affiliated group for each of the tax years at issue. Taxpayer filed Oregon consolidated corporation excise tax returns on behalf of itself and its subsidiaries for each of the tax years at issue.

In calculating the Oregon taxable income for each of the years at issue for taxpayer and its subsidiaries, taxpayer subtracted the insurance company's income from taxpayer's affiliated group's federal taxable income. The department conducted an Oregon corporation excise tax audit of taxpayer and its subsidiaries covering the tax years at issue. As a result of the audit, the department proposed certain adjustments to the Oregon returns as originally filed by taxpayer and its subsidiaries.

The department issued notices of deficiency assessment (Notices of Assessment), each dated June 23, 2009, for the tax years at issue. In the Notices of Assessment, the department asserted that taxpayer was liable for additional tax, plus interest and penalties for each of the tax years at issue. In the Notices of Assessment, among other adjustments, the department determined that the insurance company was unitary with taxpayer and that the insurance company's income should be included with the Oregon taxable income of taxpayer and its subsidiaries.

Solely for the purpose of the parties' cross-motions for partial summary judgment on the legal question of

whether the department properly included the insurance company and its taxable income in the Oregon consolidated returns filed by taxpayer and its subsidiaries during the years at issue, it is assumed that the insurance company was unitary with taxpayer and its subsidiaries and that the insurance company was not required to file a separate Oregon corporate excise tax return pursuant to ORS 317.650.

The insurance company is a wholly owned subsidiary of taxpayer. During the tax years at issue, the insurance company was a Bermuda entity that elected to be treated as a domestic corporation for federal income tax purposes pursuant to Internal Revenue Code (IRC) section 953(d). The insurance company insures general liability, workers compensation, and automobile liability risks of taxpayer's affiliated group, including taxpayer.

The insurance company receives insurance premiums from taxpayer's affiliated group including taxpayer. Through the Green Island Reinsurance Pool, the insurance company also receives reinsurance premiums from unrelated third parties. During the tax years at issue, the insurance company did not own or rent any property located in Oregon. Nor did the insurance company have any employees located in Oregon. The insurance company was not registered to do business in Oregon during the tax years at issue. The insurance company did not file Oregon corporation excise tax returns for any of the tax years at issue.

## III.   ISSUE

The issue presented at this stage of the case is whether the income of the insurance company is to be included in the calculation of the Oregon taxable income of taxpayer.

## IV.   ANALYSIS

Of the foregoing facts stipulated for purposes of these motions, two are of particular importance. The first of those is that taxpayer and the insurance company are, under Oregon tax law, in a unitary relationship with each other. The second of those is that the insurance company is

not subject to taxation in Oregon and is not required to file a return pursuant to the provisions of ORS 317.650 to ORS 317.665.[1]

The resolution of this case then depends on whether, under the provisions of chapter 317 of the Oregon Revised Statutes (chapter 317) the return of taxpayer must include the income of the insurance company in the computation of the Oregon taxable income of taxpayer. The parties have agreed that the issue of apportionment factors, if that question remains relevant, is to be considered in a later stage of this litigation. In the resolution of the issue in these motions, a discussion of the historical development of certain Oregon statutes may be helpful.

The provisions of chapter 317 relating to returns by companies—such as taxpayer, the insurance company and their affiliates—filing federal consolidated returns have been a feature of Oregon law since the mid 1980s. *See US West, Inc. and Subsidiaries v. Department of Revenue*, 20 OTR 342, (2011). The purpose of those provisions was to modify the theretofore existing system of worldwide combined reporting that Oregon had developed. That system had companies present in Oregon that had unitary relationships with other companies file combined reports. Those combined reports included, in the calculation of the base for taxation, the income of all companies, worldwide, that were in the unitary relationship.

That system drew significant opposition from taxpayers and foreign governments because it took into account the income of foreign parent companies and subsidiaries in calculating Oregon taxable income of members of the worldwide group doing business in Oregon. Even though the effects of combination of income of all unitary affiliates often increased the tax base significantly, this was offset by including, in the apportionment factor denominators, the factor values for all of the unitary affiliates as well. Nonetheless, foreign governments and their domestic corporations objected

---

[1] All references to the Oregon Revised Statutes (ORS) are to 2003. Neither party suggests that any material changes in the statutes occurred that would alter the analysis for the later years in this case.

to the worldwide combination approach as it exposed foreign companies to burdensome and costly audit procedures.

In 1984 Oregon responded to these objections by adopting a "waters-edge" system. The "waters-edge" approach was one in which the income of foreign parent or subsidiary companies was not included in the calculation of Oregon tax base for a related company doing business in Oregon. This result was technically accomplished by using, as a starting point for the calculation of companies filing in Oregon, only the federal consolidated income of groups that included companies doing business in Oregon. Because federal consolidated returns may only include the income of companies incorporated in one of the states of the United States, the choice of that starting point for determination of tax base meant that the starting number for calculation of the tax base would not include the income of parent or subsidiary companies incorporated in foreign countries.[2]

That said, Oregon did not otherwise abandon its historical commitment to the determination of the income tax base of Oregon taxpayers by use of the apportionment of the combined income of all companies that were, within the United States, in a unitary relationship. That is obvious from the definition of a "unitary group" and a "single trade or business" in ORS 317.705. As in the past, determinations of income were to occur for each unitary group—that is each group of companies engaged in a single trade or business. For purposes of these motions both parties have accepted the assumption that taxpayer and all of its subsidiaries—including the insurance company—comprise one unitary group.

Because the federal consolidated return statutes and regulations do not take into account the concept of a unitary group, ORS 317.715 provides a set of rules for the separate determination of the income of each unitary group in cases where more than one unitary group exists within one federal group of affiliated companies filing a consolidated

---

[2] Under Internal Revenue Code (IRC) section 1504(d) certain contiguous country corporations may also be included in a consolidated federal tax return.

return.[3] Although the income of each unitary group is separately determined, there is in ORS 317.715 no provision or indication that would permit the total income of all unitary groups found within one federal consolidated return to be less than the consolidated federal taxable income found on the federal tax return.[4]

As to the one unitary group of companies assumed to exist in this case and found within the federal consolidated return, it is important to determine which company has (or which companies have) by reason of sufficient contact with Oregon, an obligation to file a return in Oregon. If there is only one such company, the tax liability of the company is based on the "modified federal consolidated taxable income" for the unitary group to which that company belongs. In cases where there are two or more unitary groups existing within one federal affiliated group, the "modified federal consolidated taxable income" for the group to which the company doing business in Oregon belongs is determined under ORS 317.715(2). That amount is then subject to modifications specified by Oregon law and apportionment or allocation under Oregon law.

For these motions, it is assumed there is only one unitary group existing within the federal affiliated group of corporations. That unitary group includes taxpayer, the insurance company and all of their federal affiliates. Accordingly, the starting point for the determination of the Oregon taxable income of taxpayer is the entire consolidated federal taxable income for the year in question. This amount includes the income of the insurance company—it was, after all, included in the federal consolidated return. The question becomes whether other provisions of Oregon law require or permit the exclusion of the income of the insurance company

---

[3] ORS 317.715(2) begins with a statement indicating that it only addresses situations where more than one unitary group exists. It appears to be possible for an affiliated group to have one unitary group composed of multiple corporations and a second unitary group to be composed of only one corporation. ORS 317.705(2) defines a unitary group as being "a corporation or group of corporations," and the concept of a single corporation unitary group is reflected in the last clause of ORS 317.715(2).

[4] It is possible that other provisions of Oregon law would cause additions, subtractions or modifications to the consolidated federal taxable income amount.

from the starting point amount for taxpayer defined in ORS 317.715. Nothing in ORS 317.715 provides for any such exclusion.

The parties have discussed the extent, if any, to which the provisions of ORS 317.710 may be relevant to the question of the exclusion of the insurance company income. To those provisions the court will now turn.

The starting point in ORS 317.710 is refreshingly simple: if a corporation files a separate federal return, it will file a separate Oregon return. ORS 317.710(3). If the corporation is included in a federal consolidated return, it will file an Oregon consolidated return. ORS 317.710(2).

If, within any Oregon unitary group there is more than one corporation having sufficient contact with Oregon so as to create a filing requirement, ORS 317.710(5)(a) dictates that all such corporations—that is corporations "subject to taxation under this chapter,"—shall join in one Oregon consolidated return. ORS 317.710(2) provides that the liability of the corporations joining in such a return is joint and several. The provisions of ORS 317.710 have, however, to do only with the requirement to file and the liability for the tax due. They do not define the base of income subject to taxation. Indeed, ORS 317.710(2) refers the reader to ORS 317.715 for determination of Oregon taxable income. The provisions of ORS 317.710 therefore do not change the conclusion reached above regarding the inclusion of the insurance company income in the starting number for calculation of the base of income for taxpayer.

Important to this case is ORS 317.710(5)(b), which reads:

"If any corporation that is a member of an affiliated group is permitted or required to determine its Oregon taxable income on a separate basis under ORS 314.670, or if any corporation is permitted or required by statute or rule to use different apportionment factors than a corporation with which it is affiliated, the corporation shall not be included in a consolidated state return under paragraph (a) of this subsection."

This provision can only be read as addressing corporations over which Oregon has jurisdiction to tax. As to other corporations it would be completely illogical to set forth what is "permitted or required."

As to corporations over which Oregon has jurisdiction, ORS 317.710(5)(b) dictates which corporations may not be included in a return filed under subparagraph (5)(a), even though they are in the same federal affiliated group and the same Oregon unitary group. Stated differently, subparagraph (5)(b) carves out of the Oregon consolidated return contemplated by subparagraph (5)(a) these "special apportionment" corporations.

Subparagraph (5)(b) does not carve the insurance company or its income out of the unitary group whose income has been determined under ORS 317.715. The reason for this is that the subparagraph does not address companies, such as the insurance company, over which Oregon has no jurisdiction.

There is one other set of provisions that taxpayer asserts changes this conclusion. Those are the rules applicable to foreign or alien insurers found in ORS 317.710(7). ORS 317.710(7) requires the filing of a separate Oregon return and determination of Oregon taxable income under ORS 317.650 to ORS 317.665. The question becomes whether this statutory provision applies to the insurance company, a foreign or alien insurer. If ORS 317.710(7) applies to the insurance company, its income would, by reason of the separate return requirement found in the statute, not be includable in the base of income used to calculate the Oregon liability of taxpayer.

The fact that the insurance company has insufficient contacts with Oregon to support jurisdiction once again concludes the analysis. If Oregon does not have jurisdiction to require the insurance company to file a return under ORS 317.650 to ORS 317.665, the provisions of ORS 317.710(7) cannot and do not apply to the insurance company. Accordingly, that statute does not provide for treatment of the income of the insurance company in any fashion other than that provided for in ORS 317.715. As stated above, under ORS

317.715 the income of the insurance company, being in the federal consolidated income of the unitary group to which taxpayer belongs, must be, after any adjustments otherwise required by Oregon law, included in the Oregon tax base of taxpayer subject to apportionment.

This conclusion is not inconsistent with the relevant statutory or case law. As discussed above, the Oregon consolidated return provisions were designed to exclude from Oregon unitary returns the tax items of corporations incorporated in foreign countries. That was a legislative choice and not required of Oregon. The legislature did not go further. The insurance company involved here is treated as a United States corporation by election of taxpayer. Inclusion of the income of the insurance company in the return calculations for taxpayer does not therefore, conflict with the purposes of the Oregon unitary tax rules.

Further, nothing in any of the statutory provisions indicates that the legislature intended to exempt the income of some insurance companies. Yet this is what the position of taxpayer would produce. Under taxpayer's construction of the statutes, the income of the insurance company would not be in the tax base of the Oregon consolidated return. It would be, if at all, subject only to taxation in the separate return that might be required under ORS 317.710(7). Yet, for the reasons discussed, the parties have stipulated that, for purposes of these motions, no separate return under ORS 317.650 to ORS 317.665 is required. It would follow then, under taxpayer's argument, that the income of the insurance company would never be taken into account for Oregon tax purposes, even though the company is in such a relationship with taxpayer that they are considered to be in a single trade or business. That is not the law of Oregon.

It bears observing that Oregon is, in no way, requiring the insurance company to file a consolidated return or asserting jurisdiction over it. Nor is Oregon directly imposing a tax on the income of the insurance company. Those types of arguments suggested by taxpayer have been rejected in the past when made in challenges to the unitary method of taxation. Oregon is only taking into account the income of a unitary affiliate in computing, on an apportioned basis, the

tax liability of corporations over which Oregon has jurisdiction to tax.

The conclusion in this opinion is also fully consistent with the decision of this court in *Dept. of Rev. v. Penn Independent Corp.*, 15 OTR 68 (1999). Although the statutory framework for taxation of insurance companies has changed somewhat since the time of the law applicable in *Penn Independent Corporation*, those changes are distinctions without a substantive difference for purposes of the question in this case. The fundamental holding of *Penn Independent Corporation* was that the income of an insurance company not subject to Oregon tax was includable in the determination of the income of a unitary affiliate that did have an obligation to compute income and pay tax to Oregon under chapter 317.

## V.   CONCLUSION

Now, therefore,

IT IS ORDERED that Defendant's Cross-Motion for Partial Summary Judgment is granted; and

IT IS FURTHER ORDERED that Plaintiff's Motion for Partial Summary Judgment is denied.