120      January 8, 2013      No. 17

IN THE OREGON TAX COURT
REGULAR DIVISION

STANCORP FINANCIAL GROUP, INC.
and Subsidiaries,
*Plaintiffs,*

*v.*

DEPARTMENT OF REVENUE,
*Defendant.*

(TC 5039)

Plaintiffs (taxpayer) appealed from a Magistrate Division decision as to the assessment of income of dividends paid by a subsidiary to its parent corporation. Defendant (the department) audited the returns of the parent corporation and included in the income of parent the dividends paid to it by its subsidiary in 2002 and 2003. Against this amount of income the department allowed a deduction for 80 percent of such dividend amounts pursuant to ORS 317.267(2). Taxpayer appealed to the Magistrate Division of the court, which upheld the department's actions. Taxpayer argued that as reflected in the federal consolidated taxable income of the parent group, the dividends paid by taxpayer to parent should be eliminated from the income of parent. Granting taxpayer's motion, the court ruled that pursuant to relevant statutes and the stipulated facts, the dividend payments from taxpayer to parent, being eliminated in the calculation of the federal consolidated taxable income of parent, would not be reflected in the starting point number used in ORS 317.715(2) in calculating the Oregon taxable income of parent.

Oral argument on cross-motions for summary judgment was held June 11, 2012, in the courtroom of the Oregon Tax Court, Salem.

Robert T. Manicke and Eric J. Kodesch, Stoel Rives LLP, Portland, filed the motion and argued the cause for Plaintiffs (taxpayer).

Marilyn J. Harbur and Darren Weirnick, Assistant Attorneys General, Department of Justice, Salem, filed the cross-motion and argued the cause for Defendant (the department).

Decision for Plaintiffs rendered August 2, 2012. Amended order filed January 8, 2013.

**HENRY C. BREITHAUPT, Judge.**

## I.   INTRODUCTION

This is the second case that has recently been presented to the court involving the interplay of the statutory rules in Oregon regarding taxation of corporations filing federal consolidated income tax returns that include an insurance company. *See Costco Wholesale Corp. v. Dept. of Rev.*, 20 OTR 537 (2012).

## II.   FACTS

These two cases have some things in common and some important differences. In common, both involve filings in Oregon of a consolidated Oregon corporation income or excise tax return. *See* ORS 317.705 to 317.725. Also in common, both involve families of corporations that are, or have been stipulated for decision to be, unitary in nature. However, the cases are different in that in *Costco* the federal consolidated return member in question (1) had no connection with Oregon, and (2) did not and was not required to file an income tax return in Oregon. In this case, however, the members in question do have an obligation to file an Oregon return.

In this case two members of the corporate family that includes Plaintiffs (taxpayer) are of particular interest. One is Standard Insurance Company (SIC), an insurance company. The other is taxpayer Stancorp Financial Group (SFG), a corporation that is not an insurance company. SIC is a subsidiary of SFG.[1]

In the years in question here, 2002 and 2003, SIC paid dividends to SFG in the total amount of $115,000,000. In each year, SIC and SFG were members of the same federal affiliated group of corporations. That group (The SFG group) elected to file a consolidated federal income tax return. Under the rules governing federal consolidated returns, the dividends were eliminated from the income of SFG. *See* Treas Reg 1.1502-13(f)(2)(ii).[2] The consolidated

---

[1] There is one other insurance company subsidiary of SFG, Standard Life Insurance Company of New York (SNY). SNY does not present issues other than those presented by SIC and, to reduce complexity, this opinion will only refer to SIC.

[2] The term "eliminated" is an important term of art and is not to be confused with "deducted" or "excluded," two concepts that may have the same mathematical

federal taxable income of the SFG group therefore did not include any amount attributable to the dividends paid by SIC to SFG.

In accordance with ORS 317.710(5) all of the members of the SFG group except SIC and SNY were included in an Oregon consolidated return. Pursuant to ORS 317.710(5)(b), SIC and SNY were not included in the consolidated Oregon return. SIC and SNY each filed its own return. The net income or loss of SIC or SNY for the years in question was excluded by taxpayer in the calculation of the tax liability as shown on the Oregon consolidated return filed by SFG and all of its non-insurance subsidiaries. The parties agree that all members of the federal SFG affiliated group of corporations, including SIC and SNY, are unitary with all other members under ORS 317.705(2).

Defendant (the department) audited the returns of SFG and included in the income of SFG the dividends paid to it by SIC in 2002 and 2003. Against this amount of income the department allowed a deduction for 80 percent of such dividend amounts pursuant to ORS 317.267(2).

Taxpayer objected to this treatment, arguing that, as is reflected in the federal consolidated taxable income of the SFG group, the dividends paid by SIC to SFG should be eliminated from the income of SFG. Taxpayer appealed to the Magistrate Division of the court. The magistrate who decided the case ruled in favor of the department on the merits. *Stancorp Financial Group, Inc. v. Dept. of Rev.*, TC-MD No. 070881B (Aug 18, 2011). On a question of liability for interest and penalties, the magistrate ruled in favor of the department. Taxpayer then appealed to the Regular Division. At this stage of the case only the question of the proper treatment of the dividend payments is presented by the cross-motions for summary judgment of the parties. The parties have not raised the question of liability for interest and penalties at this stage of the proceedings in the Regular

---

result but which apply outside the consolidated return regime of federal law that has been incorporated into Oregon law calculations for unitary groups. An "affiliated" group is a relationship defined by federal law and is that group of corporations related in such a way that they may file a federal consolidated income tax return. *See* ORS 317.705(1). A "unitary" group is a relationship defined by Oregon law. *See* ORS 317.705(2) and (3).

Division. The record comprises the pleadings, a partial stipulation of facts submitted to the Magistrate Division on April 30, 2009, and the affidavit of Brian Williamson on behalf of taxpayer.

### III.   ISSUE

Are the dividends paid by SIC to SFG included in the Oregon taxable income of SFG, subject to the dividends received deduction provided for in ORS 317.267(2)(b)?

### IV.   ANALYSIS

The interpretation of three statutes separates the parties in this case.[3] The first statute is ORS 317.710, which, in relevant part provides:

"(1)   A corporation shall make a return with respect to the tax imposed by this chapter as provided in this section.

"(2)   If the corporation is a member of an affiliated group of corporations making a consolidated federal return, it shall file a return and determine its Oregon taxable income as provided in ORS 317.715. The corporation's tax liability shall be joint and several with any other corporation that is included in a consolidated state return with the corporation under subsection (5) of this section.

"* * * * *

"(5)(a)   If two or more corporations subject to taxation under this chapter are members of the same affiliated group making a consolidated federal return and are members of the same unitary group, they shall file a consolidated state return. The Department of Revenue shall prescribe by rule the method by which a consolidated return shall be filed.

"(b)   If any corporation that is a member of an affiliated group is permitted or required to determine its Oregon taxable income on a separate basis under ORS 314.670, or if any corporation is permitted or required by statute or rule to use different apportionment factors than a corporation with which it is affiliated, the corporation shall not be included in a consolidated state return under paragraph (a) of this subsection."

---

[3] Unless otherwise noted, all references to the Oregon Revised Statutes (ORS) are to 2001.

The second statute of importance is ORS 317.715, which in relevant part provides:

> "(1)　If a corporation required to make a return under this chapter is a member of an affiliated group of corporations making a consolidated federal return under sections 1501 to 1505 of the Internal Revenue Code, the corporation's Oregon taxable income shall be determined beginning with federal consolidated taxable income of the affiliated group as provided in this section.

> "(2)　If the affiliated group, of which the corporation subject to taxation under this chapter is a member, consists of more than one unitary group, before the additions, subtractions, adjustments and modifications to federal taxable income provided for in this chapter are made, and before allocation and apportionment as provided in ORS 317.010(10), if any, modified federal consolidated taxable income shall be computed. Modified federal consolidated taxable income shall be determined by eliminating from the federal consolidated taxable income of the affiliated group the separate taxable income, as determined under Treasury Regulations adopted under section 1502 of the Internal Revenue Code, and any deductions or additions or items of income, expense, gain or loss for which consolidated treatment is prescribed under Treasury Regulations adopted under section 1502 of the Internal Revenue Code, attributable to the member or members of any unitary group of which the corporation is not a member."

The third statute of importance is ORS 317.267(1), which, in relevant part provides:

> "To derive Oregon taxable income, there shall be added to federal taxable income \*\*\* dividends eliminated under Treasury Regulations adopted under section 1502 of the Internal Revenue Code that are paid by members of an affiliated group that are eliminated from a consolidated federal return pursuant to ORS 317.715(2)."

In considering the application of these statutes, it is important to recognize that the corporation whose income is at issue is SFG, the recipient of the dividend payments. This is not a case in which a deficiency has been assessed against SIC. It is also important to recognize that SFG and SIC are unitary and in the same unitary group for purposes of Oregon law.

In considering the statutes in question, it is also appropriate to remember why the Oregon legislature connected Oregon taxation of corporate groups to the consolidated return provisions of federal law. That was done so as to move away from the prior rule of worldwide combined reporting, an approach to taxation of related corporations that had generated the ire of foreign countries and taxpayers with worldwide operation. *See US West / Qwest Dex Holdings v. Dept. of Rev.*, 20 OTR 342 (2011); *Costco Wholesale Corp. v. Dept. of Rev.*, 20 OTR 537 (2012). The connection achieved the legislative goal of retaining many of the elements of the unitary combined report features of prior Oregon law while also excluding from consideration, for the most part, the tax items of foreign corporations. The changes had the result of preventing the extension of Oregon law beyond the "water's edge" of the United States.

This result was not accomplished, however, without introducing into the life of taxpayers and tax practitioners in Oregon a significant new layer of complexity. That is the direct result of the fact that the federal consolidated return rules are voluminous and complex. They define what the consolidated federal taxable income of a federal consolidated group is. And, it is this number that is the starting point for the determination of the tax liability of SFG. This is so because SFG is a member of a federal affiliated group and, as such, is required to "file a return and determine its Oregon taxable income as provided in ORS 317.715." ORS 317.710(2).

In complying with the injunction to "determine its Oregon taxable income as provided in ORS 317.715," SFG is instructed, in that statute, to begin "with federal consolidated income of the affiliated group." ORS 317.715(1). This injunction is unconditional. There is no statement in ORS 317.715 suggesting that the command does not apply in one or more situations.

However, the starting point of federal consolidated taxable income is not an ending point. Rather, ORS 317.715(2) requires that the federal affiliated group of corporations be examined to determine if there is within the group any corporation or group of corporations that is not

unitary with the corporation whose income is being calculated, in this case SFG.[4] If there is such a non-unitary member or members, ORS 317.715(2) directs that there be a calculation of "modified federal consolidated taxable income." That amount is the starting point number of federal consolidated taxable income after subtraction of "the separate taxable income," determined under federal rules, "attributable to the member or members of any unitary group of which the corporation is not a member."

In this case, the foregoing unconditional statutory directives are applied as follows, remembering that SFG, the recipient of the dividends, is "the corporation":

(1)    The federal consolidated taxable income of the SFG group is determined;

(2)    A determination of whether the federal SFG group includes any members that are not unitary with SFG—by stipulation here there are none;

(3)    Step (2) being true, no amount is subtracted from the consolidated federal taxable income of the SFG group because of any member of that group not being unitary with other members of the group; and

(4)    Additions, subtractions, adjustments and modifications prescribed by Oregon law are made and Oregon taxable income or loss for SFG is determined under ORS 317.010(10)(a) to (c).[5]

The dividend payments from SIC to SFG, being eliminated in the calculation of the federal consolidated taxable income of SFG, would not be reflected in that starting point number used in ORS 317.715(2) in calculating the Oregon taxable income of SFG. This result is contrary to the position taken by the department in this case. The court now turns to the other two statutes that bear on this case to determine if

---

[4] The statutory definition found in ORS 317.705(2)—"'Unitary group' means a corporation or group of corporations"—and the last clause of ORS 317.715(2)—"attributable to the member or members of any unitary group" make it clear that, for Oregon purposes, a unitary "group" may be only one corporation.

[5] ORS 317.715 sets out these steps for situations where there has been the separation of one or more non-unitary corporations. It is clear, however, and no party here asserts otherwise, that steps (1) and (4) are also taken with respect to an affiliated group, all of the members of which are also unitary.

they alter the conclusion that the dividends received by SFG from SIC are not taken into account in the determination of the Oregon taxable income of SFG.

In fact, ORS 317.267, as quoted above, speaks directly to the treatment of certain dividends paid by one member of a federal affiliated group to another member of that group. ORS 317.267 directs that such dividends are to be *added* to the federal taxable income of the recipient when:

(1)   The dividends have been eliminated under the federal consolidated return regulations; and

(2)   The dividends have been paid by members of a federal affiliated group that are "eliminated from a consolidated federal return *pursuant to ORS 317.715(2).*" (Emphasis added.)

The dividends at issue in this case were unquestionably eliminated under the federal consolidated return regulations. The first precondition of ORS 317.267(1) is therefore satisfied. The remaining question is whether the payor of those dividends, SIC, was eliminated from a consolidated return pursuant to ORS 317.715(2). The answer to this question is no. The reason for that answer is that SIC would only be eliminated from a federal consolidated return under ORS 317.715(2) if it was not unitary with SFG. However, it is undisputed in this case that SIC and SFG are unitary. It therefore necessarily follows that ORS 317.267(1) does not cause the dividends to be added to the income of SFG.

The addition of the dividends to the income of SFG is the result for which the department contends. As has been demonstrated, it finds no support for such addition in the words of ORS 317.715 or ORS 317.267. The department suggests, however, that the addition of the dividends is required because of the operation of ORS 317.710(5)(b), to a discussion of which the court now turns.

It is important to recognize at the outset that ORS 317.710 deals with return requirements and certain questions of liability for payment of tax liabilities shown on a return. It does not deal with the computation of taxable income, the base for taxation. *See Costco*, 20 OTR 537 (2012).

In cases where two or more corporations subject to Oregon tax are members of the same unitary group, as SIC and SFG are, ORS 317.710(5)(a) provides that they are to file an Oregon consolidated return. That requirement is immediately modified by ORS 317.710(5)(b), which provides that if any corporation included in a federal affiliated group, such as an insurance company, is required under Oregon law to use different apportionment factors, that corporation *is not* to be included in the Oregon consolidated return otherwise required under ORS 317.710(5)(a).

ORS 317.710(5)(b) applies in this case to SIC, the payor of the dividends, rather than SFG, the recipient of the dividends. In addition, the return exclusion rule of ORS 317.710(5)(b) does not, by its terms, override the provisions of ORS 317.715 with respect to determination of the taxable income of SFG. Nor, by implication, does ORS 317.710(5)(b) have this effect given that it deals with return matters and not the definition of the base for taxation.

Nonetheless, the department bases its assessment of tax upon its conclusion that exclusion of SIC from the Oregon consolidated return pursuant to ORS 317.710(5)(b) must be treated as exclusion from the federal consolidated return, at least for purposes of applying the federal consolidated return regulations in computing the income of SFG, as required in ORS 317.715. If that step is taken, then the dividend paid by SIC would not be eliminated from the federal income of SFG under the federal rules. Instead, the dividend would be included in the income of SFG, subject to the 80 percent dividend received deduction provided under ORS 317.267(1) and (2)(a).

The department can point to no text in the statute supporting its position. Indeed, as demonstrated above, the language of the relevant statutes actually leads to the result urged by taxpayer rather than the department. Rather than statutory text, the department turns to what it views as legislative intent as revealed in the legislative history of the statutes. It also points to what it describes as an inconsistency in the position taken by taxpayer in the calculation of its tax liability—but an inconsistency that both it and taxpayer agree upon.

First, as to legislative history, the court has reviewed the legislative history to which both parties point in order to support the positions for which they advocate. That legislative history, from both the 1984 and 1985 sessions, is inconclusive and not particularly helpful in the resolution of the problem in this case. What the legislative history does show is witnesses and legislators grappling with a very complex set of rules—actually *two* very complex sets of rules. The first set of rules was the then existing worldwide combined reporting rules that the legislature had determined to change. The second set of complex rules were, and are, the federal rules as to the measurement of the income of an affiliated group of corporations that elects to file a federal consolidated return. Suffice it to say, there was no discussion that would lead the court to conclude that the application of the statutory provisions as they are written was not intended. There was no discussion of the dividend elimination rules of the federal regime nor even to the general operation of the Treasury Regulations to which the legislature made specific statutory reference. Nor was there any discussion of how, or whether, any Oregon statutory provisions on the taxation of insurance companies, the third set of complicated statutes involved in this case, would be melded with the new Oregon consolidated return provisions.

This has remained the fact over the time period that has elapsed since the initial adoption of the water's edge provisions of ORS 317.705 to 317.725, even though during subsequent sessions the legislature made some changes to all of the statutes important to the resolution of this case. The legislative history does not support the conclusion, for which the department contends, that companies that are affiliated for federal purposes and unitary for Oregon purposes are to have some set of rules applied to them other than the federal consolidated return provisions referred to in ORS 317.715, especially the dividend elimination rule.

The department next observes that taxpayer, although insisting on the use of a starting point of federal consolidated taxable income, has been inconsistent in calculating the income of SFG by first removing from that starting number the income or loss of SIC and SNY. However, the

department does not argue that the SIC and SNY income or loss should be included in the starting number, even though ORS 317.715 directs one to do so.

The agreement of the parties as to removal is driven by the fact that SIC, as an insurance company doing business in Oregon, is required to compute and pay tax under ORS chapter 317 according to a separate set of rules contained in ORS 317.650 to 317.665. Both parties agree that, for purposes of this case, tax items of SIC should not be included both in the base for income taxation of SFG under ORS 317.715 and also for insurance company taxation of SIC under ORS 317.650 to 317.665.[6]

The parties differ as to the reason they agree on this result. Taxpayer argues that the result is necessary to avoid federal constitutional "double-taxation" concerns. The double taxation would, in the view of the taxpayer result from the consideration of the same economic results in an insurance company tax for SIC and in an income tax for SFG.

The department suggests that the separation of the income of SIC from the federal taxable income of the SFG group is statutory in origin, although all parties agree that the statutes provide no rules or guidance on how the removal of the SIC income is to be done. In effect the department concludes that such removal of the income of SIC from the SFG unitary group income is a result of the legislative decision to make insurance companies subject to the separate tax regime of ORS 317.650 to 317.665 and not subject to the corporation income tax.

The court does not consider it important why the parties agree about the propriety of the exclusion of SIC tax

---

[6] Inclusion of the federal income tax items of SIC in the calculation of the income of SFG is the result that was found to be statutorily required in *Costco*. The income of the subsidiary was included in the base of income of the parent which, after certain adjustments, was apportioned to Oregon. The inclusion of the subsidiary income in the tax base of the parent resulted in a higher income tax liability for the parent. Recall, however, that in *Costco* the parties had stipulated that the subsidiary did not file any tax return with Oregon, nor was it required to do so. 21 OTR at 128. There was no insurance company tax liability for the subsidiary in *Costco*. In this case all parties agree that SIC is required to, and does, file a tax return under ORS 317.650 to 317.665.

items from the starting point for calculation of the Oregon taxable income of SFG under ORS 317.715(2). Whether it is driven by a concern for constitutional limitations or the effect of statutory provisions, no party suggests that the calculation should be done otherwise. Both parties also appear to agree that this is an area where the legislature could provide more definitive guidance. As will be seen from the discussion below, to the extent that the legislature desires to have the position of the department be the proper result, the court urges the legislature to consider the several and complex aspects of the relationship between the federal consolidated return rules, the unitary tax rules and the special regime for taxation of insurance companies.

At the end of the day, the department urges the court to adopt the position of the department based on indirect reasoning and inferences, some of which appear to be multi-leveled. The department also appears to leverage a return preparation step, with which it agrees, into a reason to read the statutes in a way other than how they are written. Contrary to the department's position is the direct application of the provisions of ORS 317.715(2) without inference or indirect reasoning. The only difficulty with this approach appears to be the question of exclusion of the SIC tax items from the base of taxable income for SFG. However, there the department does not insist on a different result and the court does not see a basis for reaching a different result.

Finally, the department is fundamentally opposed to the conclusion that a company, SFG, that receives a dividend from a unitary affiliate, SIC, would have that dividend eliminated when, pursuant to another Oregon statute, the payor is not included in the Oregon consolidated return— even though it is included in the federal consolidated return. However, there is no text or legislative history to indicate that this is not consistent with legislative intent. The Oregon legislature may well have intended for dividend elimination to occur under the federal rules it adopted by reference, even when by other legislative action, it required the payor to be taxed under a separate set of provisions.

More importantly, there is a clear indication in ORS 317.267 that when the legislature desired to alter the effect

of the federal consolidated return rules in the context of Oregon calculations, it knew how to do so. ORS 317.715(2) is a clear indication that the legislature either wanted to or knew that it had to separate out of any calculation done for a taxpayer, the tax items of companies with which the taxpayer was not unitary. Inclusion of tax items of non-unitary affiliates found in the federal consolidated return would run afoul of the federal constitution. *See Fargo v. Hart*, 193 US 490, 24 S Ct 498, 48 L Ed 761 (1904); *Stonebridge Life Ins. Co. I v. Dept. of Rev.*, 18 OTR 423 (2006).[7] Faced with this choice or imperative, the legislature provided in ORS 317.267 for a neutralization of the dividend elimination rules and an addition to Oregon income for the recipient of such dividends, subject only to certain dividends received deductions.

If the legislature desires to provide for a similar rule—an elimination override—to apply to dividends paid by unitary group members subject to other tax regimes such as the insurance company tax regime, a small addition to ORS 317.267 is all that would be required. That change could simply parallel that currently provided for non-unitary affiliates.

The department argues that, for the reasons it gives, this court should, in effect, add such provisions to the statute. Even in the case of a relatively straightforward and uncomplicated statutory scheme, the court is not authorized to take such action. ORS 174.010. Here, this court must obey that directive. The court must also consider, however, that alterations to the complex melding of unitary tax, federal consolidated return and insurance company tax rules is a task of the type that is, for good reason, assigned to the legislative branch. In that branch complete discussion of various and potentially multi-faceted consequences is, under the Oregon Constitution, to occur.

## V.   CONCLUSION

Now, therefore,

---

[7] As stated above, the "unitary" concept arises from Oregon—not federal—law. Because there is no federal "unitary" concept the possibility of this very same problem always exists *See, e.g.*, *Crystal Communications, Inc. v. Dept. of Rev.*, 20 OTR 111 (2010).

IT IS ORDERED that the motion of Plaintiffs is granted and the cross-motion of Defendant is denied. This case will be continued for potential consideration of other matters not presented in these motions.